No. 25-8032

# United States Court of Appeals for the Seventh Circuit

IN RE AMAZON.COM INC. and AMAZON.COM SERVICES, INC.,

*Petitioners.*

Appeal from the United States District Court for the Northern District of Illinois
Case No. 19-cv-05061 (The Honorable Judge Franklin U. Valderrama)

**BRIEF FOR UNION PACIFIC RAILROAD COMPANY
AS *AMICUS CURIAE* IN SUPPORT OF PETITIONERS**

Gary Feinerman
Sean M. Berkowitz
Johanna Spellman
Kathryn A. Running
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
(312) 876-7700

Ben Harris
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

December 1, 2025

*Counsel for* Amicus Curiae *Union Pacific Railroad Company*

# APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 25-8032

Short Caption: Amazon.com, Inc., et al v. Michael Gunderson, et al.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐ **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Union Pacific Railroad Company

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Latham & Watkins LLP

(3) If the party, amicus or intervenor is a corporation:

 i) Identify all its parent corporations, if any; and

 Union Pacific Corporation

 ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

 Union Pacific Corporation

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

---

Attorney's Signature: /s/ Gary Feinerman        Date: 12/01/2025

Attorney's Printed Name: Gary Feinerman

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d). Yes ☒ No ☐

Address: Latham & Watkins LLP

330 North Wabash Avenue, Suite 2800, Chicago, IL 60611

Phone Number: (312) 876-7700        Fax Number: (312) 993-9767

E-Mail Address: gary.feinerman@lw.com

# APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 25-8032

Short Caption: Amazon.com, Inc., et al v. Michael Gunderson, et al.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

> ☐ **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

   Union Pacific Railroad Company

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

   Latham & Watkins LLP

(3) If the party, amicus or intervenor is a corporation:

   i) Identify all its parent corporations, if any; and

   Union Pacific Corporation

   ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

   Union Pacific Corporation

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

   N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

   N/A

---

Attorney's Signature: /s/ Sean M. Berkowitz     Date: 12/01/2025

Attorney's Printed Name: Sean M. Berkowitz

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes ☐   No ☒

Address: Latham & Watkins LLP

   330 North Wabash Avenue, Suite 2800, Chicago, IL 60611

Phone Number: (312) 876-7700     Fax Number: (312) 993-9767

E-Mail Address: sean.berkowitz@lw.com

# APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 25-8032

Short Caption: Amazon.com, Inc., et al v. Michael Gunderson, et al.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐ **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Union Pacific Railroad Company

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Latham & Watkins LLP

(3) If the party, amicus or intervenor is a corporation:

　i) Identify all its parent corporations, if any; and

　　Union Pacific Corporation

　ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

　　Union Pacific Corporation

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

---

Attorney's Signature: /s/ Johanna Spellman　　　Date: 12/01/2025

Attorney's Printed Name: Johanna Spellman

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).　**Yes ☐　No ☒**

Address: Latham & Watkins LLP

　　330 North Wabash Avenue, Suite 2800, Chicago, IL 60611

Phone Number: (312) 876-7700　　　Fax Number: (312) 993-9767

E-Mail Address: johanna.spellman@lw.com

# APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 25-8032

Short Caption: Amazon.com, Inc., et al v. Michael Gunderson, et al.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐ **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Union Pacific Railroad Company

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Latham & Watkins LLP

(3) If the party, amicus or intervenor is a corporation:

   i) Identify all its parent corporations, if any; and

   Union Pacific Corporation

   ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

   Union Pacific Corporation

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

---

Attorney's Signature: /s/ Kathryn A. Running  Date: 12/01/2025

Attorney's Printed Name: Kathryn A. Running

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d). Yes ☐ No ☒

Address: Latham & Watkins LLP

330 North Wabash Avenue, Suite 2800, Chicago, IL 60611

Phone Number: (312) 876-7700  Fax Number: (312) 993-9767

E-Mail Address: kathryn.running@lw.com

# APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 25-8032

Short Caption: Amazon.com, Inc., et al v. Michael Gunderson, et al.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐ **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Union Pacific Railroad Company

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Latham & Watkins LLP

(3) If the party, amicus or intervenor is a corporation:

　i) Identify all its parent corporations, if any; and

　　Union Pacific Corporation

　ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

　　Union Pacific Corporation

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

---

Attorney's Signature: /s/ Benjamin Harris　　　　Date: 12/01/2025

Attorney's Printed Name: Benjamin Harris

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).　　Yes ☐　No ☒

Address: Latham & Watkins LLP

　　　　1271 Avenue of the Americas, New York, NY 10020

Phone Number: (212) 906-1200　　　　Fax Number: (212) 751-4864

E-Mail Address: ben.harris@lw.com

**TABLE OF CONTENTS**

**Page**

APPEARANCES & CIRCUIT RULE 26.1 DISCLOSURE
   STATEMENTS ................................................................................................i

TABLE OF AUTHORITIES ............................................................................... vii

INTEREST OF *AMICUS CURIAE* ...................................................................... 1

INTRODUCTION AND SUMMARY OF ARGUMENT ............................................. 2

ARGUMENT ........................................................................................................ 3

    A.      A Class Action Is Not Superior Given The Substantial Per
   Putative Class Member Awards Plaintiffs Seek .................................... 4

    B.      Individualized Statutory Damages Issues Predominate ........................ 6

CONCLUSION .................................................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Amchem Products, Inc. v. Windsor*,
  521 U.S. 591 (1997) .................................................................................................. 5

*Bliss v. CoreCivic, Inc.*,
  711 F. Supp. 3d 1233 (D. Nev. 2024) ....................................................................... 9

*Campbell v. Facebook Inc.*,
  315 F.R.D. 250 (N.D. Cal. 2016) ........................................................................... 6, 8

*Castano v. American Tobacco Co.*,
  84 F.3d 734 (5th Cir. 1996) ..................................................................................... 4

*Cothron v. White Castle System, Inc.*,
  216 N.E.3d 918 (Ill. 2023) ....................................................................................... 6

*DirecTV, Inc. v. Huynh*,
  2005 WL 5864467 (N.D. Cal. May 31, 2005),
  *aff'd*, 503 F.3d 847 (9th Cir. 2007) ......................................................................... 6

*In re Rhone-Poulenc Rorer, Inc.*,
  51 F.3d 1293 (7th Cir. 1995) ................................................................................ 4, 5

*Suchanek v. Strum Foods, Inc.*,
  764 F.3d 750 (7th Cir. 2014) ................................................................................... 4

*T.S. v. County of Cook*,
  67 F.4th 884 (7th Cir. 2023) .................................................................................... 3

*Williams v. Country Mutual Insurance Co.*,
  2015 WL 9463801 (Ill. App. Dec. 24, 2015) ............................................................ 7

*Yamaha Motor Corp., U.S.A. v. Calhoun*,
  516 U.S. 199 (1996) ................................................................................................. 3

**STATUTES**

28 U.S.C. § 1292(b) ..................................................................................................... 1, 3

740 ILCS 14/20(a)(2) ....................................................................................................... 4

740 ILCS 190/25(a)(1)(B) ............................................................................................... 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(f) ................................................................................................... 3

# INTEREST OF *AMICUS CURIAE*

Union Pacific Railroad Company is an interstate freight railroad that owns and operates intermodal facilities in many major cities in the western United States, including in the Chicago area. Union Pacific is currently litigating three BIPA cases in the Northern District of Illinois concerning its use of finger scan technology to verify the identity of truck drivers seeking access to its Illinois intermodal facilities: *Fleury v. Union Pacific Railroad Co.*, No. 20-cv-390 (N.D. Ill. filed Jan. 17, 2020); *Payton v. Union Pacific Railroad Co.*, No. 24-cv-153 (N.D. Ill. filed Jan. 5, 2024); and *Clay v. Union Pacific Railroad Co.*, No. 24-cv-4194 (N.D. Ill. filed May 21, 2024).[1] The *Fleury* case is a putative class action in which the named plaintiffs disclosed classwide damages of nearly $22 billion, an average of almost $1 million per putative class member. Union Pacific submits this brief to identify two issues decided in the district court's order here—but not expressly raised in the Civil Rule 23(f) petition filed by Amazon.com Inc. and Amazon.com Services, Inc. ("Amazon")—that have broad import in BIPA cases and further support the grant of Amazon's petition.[2]

---

[1] This Court granted Union Pacific's petition for interlocutory review under 28 U.S.C. § 1292(b) of a partial summary judgment order in *Clay*, and the case is currently being briefed on the merits. *See Clay v. Union Pac. R.R. Co.*, No. 25-2185 (7th Cir. filed July 14, 2025).

[2] No party's counsel authored this brief in whole or in part. No party or party's counsel made a monetary contribution intended to fund the preparation or submission of this brief. No person other than *amicus curiae*, its members, or its counsel made such a monetary contribution. Amazon has consented to the filing of this brief; Plaintiffs have not consented.

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Amazon focuses on two issues in its petition, either of which merits interlocutory review under Rule 23(f). The district court's order presents two additional issues that warrant this Court's review. First, the district court incorrectly held that a class action is superior to individual litigation even though each putative class member stands to recover tens of thousands of dollars. Second, the district court incorrectly held that class issues predominate over individual issues even though BIPA's discretionary statutory damages regime is not susceptible to classwide application or resolution. Amazon made these important Rule 23(b)(3) arguments below and the district court rejected them. Thus, both issues are fairly encompassed in the district court's order.

Although this Court is considering both issues in a pending appeal from a class certification order, *Svoboda v. Amazon.com, Inc.*, No. 25-1361 (7th Cir. docketed Mar. 4, 2025), the appeal in *Svoboda* also asks whether the absence of a common, reliable method to determine membership in the proposed class there defeats predominance and superiority. *See Svoboda* Appellants' Opening Br. 3, ECF No. 14. That issue presents an "independent reason[]" warranting reversal of the district court's certification order there. *Id.* at 14; *see also id.* at 26 (explaining that the issue presents "a threshold liability question"). If this Court answers that question "yes," it could decide *Svoboda* without addressing the two Rule 23(b)(3) issues that Union Pacific highlights here. Those two issues affect other BIPA putative class actions, including the *Fleury* case referenced above, and provide two more reasons for this Court to grant Amazon's Rule 23(f) petition.

2

# ARGUMENT

Amazon presents two issues in its Rule 23(f) petition: (1) whether Plaintiffs "must offer evidence … to carry their burden … that Rule 23(b)(3)'s predominance requirement is satisfied"; and (2) whether the district court abused its discretion by "refus[ing] to consider a predominance problem with a question central to every class member's claims solely because that question also relates to the merits." Pet. for Permission to Appeal 1, ECF No. 1.

This Court is not limited to reviewing only the issues that Amazon has presented for review. Rule 23(f) provides for an immediate "appeal from an *order* granting or denying class-action certification." Fed. R. Civ. P. 23(f) (emphasis added). As this Court has explained in the analogous context of appealability under 28 U.S.C. § 1292(b), the Court "may address any issue fairly included within the certified order because 'it is the *order* that is appealable, and not the controlling question identified by the district court.'" *T.S. v. County of Cook*, 67 F.4th 884, 890 (7th Cir. 2023) (citation omitted); *see also Yamaha Motor Corp, U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996) (explaining that "appellate jurisdiction applies to the *order* certified to the court of appeals").

The district court's order here presents two additional issues warranting this Court's attention: first, whether a class action is superior where, as here, plaintiffs seek damages that amount to tens of thousands of dollars per class member; and second, whether individualized issues predominate where, as here, the statutory scheme provides for discretionary statutory damages that turn, at least in part, on the individual facts and circumstances of each putative class member.

3

### A. A Class Action Is Not Superior Given The Substantial Per Putative Class Member Awards Plaintiffs Seek

First, the district court considered and rejected Amazon's argument that the availability of large damage awards to individual class members defeats superiority. As Amazon explained, the "core policy behind Rule 23—allowing small claims to proceed when there is no incentive to bring them individually—is not implicated here." Mem. Op. & Order ("Op.") 36, Dkt. No. 278 (citation omitted). The district court rejected that argument, holding that the class consists of 1.2 million people and that "[t]he putative class challenges actions taken by Amazon that apply uniformly," making "case-by-case resolution … inefficient." *Id.* at 37.

The district court erred. As this Court has explained, "the class device is superior [where] no rational individual plaintiff would be willing to bear the costs of th[e] lawsuit." *Suchanek v. Strum Foods, Inc.*, 764 F.3d 750, 760 (7th Cir. 2014). "In most class actions—and those ones in which the rationale for the procedure is most compelling—individual suits are infeasible because the claim of each class member is tiny relative to the expense of litigation." *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1299 (7th Cir. 1995); *see also Castano v. Am. Tobacco Co.*, 84 F.3d 734, 748 (5th Cir. 1996) (reversing class certification order where "[t]he most compelling rationale for finding superiority in a class action—the existence of a negative value suit—[was] missing").

These principles defeat superiority in this case. BIPA authorizes statutory damages claims of up to $5,000 for each violation. 740 ILCS 14/20(a)(2). As a result, Amazon explained to the district court that "Plaintiffs seek statutory damages of

4

$5,000 per BIPA violation," and "[i]f Plaintiffs or other putative class members prevail on their claims, they each stand to recover *tens of thousands of dollars*, which, coupled with their right to recover[] attorneys' fees under BIPA, provides more than enough incentive for individuals to bring solo action." Opp. to Mot. for Class Cert. ("Opp.") 3, Dkt. No. 234. The basic rationale animating the class action device—that individual suits are "infeasible," *Rhone-Poulenc*, 51 F.3d at 1299—is absent here because the individual class members have adequate incentives to pursue their own individual claims. Nor can the district court's resort to "efficiency" satisfy the predominance requirement, which is designed to ensure that a putative class is sufficiently cohesive to overcome the due process concerns inherent in representative litigation. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997).

That outcome is underscored by the BIPA putative class action pending against Union Pacific, *Fleury v. Union Pacific Railroad Co.*, No. 20-cv-390 (N.D. Ill. filed Jan. 17, 2020), where the plaintiffs seek upwards of $21,890,385,000 in classwide damages—an average of almost $1 million per putative class member. *Fleury* Opp. to Mot. for Class Cert. ("*Fleury* Opp.") 17, Dkt. No. 324. Those astronomical figures show that the superiority issue in this case is far from unique, and its resolution is important for the many pending putative class cases asserting BIPA claims.

That outcome is further underscored by the numerous individual (non-class) BIPA suits filed in the Northern District of Illinois. As of March 2025, there were at least 79 non-class BIPA cases pending in Illinois federal and state court. *See Fleury* Opp. 18; Ex. 32 to *Fleury* Opp., Dkt. No. 324-1. Those suits include *Payton v. Union*

*Pacific Railroad Co.*, No. 24-cv-153 (N.D. Ill. filed Jan. 5, 2024), and *Clay v. Union Pacific Railroad Co.*, No. 24-cv-4194 (N.D. Ill. filed May 21, 2024). Their existence proves beyond peradventure that BIPA's damage and fee-shifting regime provides adequate incentives for individual plaintiffs to seek redress without resorting to the class device.

### B. Individualized Statutory Damages Issues Predominate

Second, the district court considered and rejected Amazon's argument that "damages cannot be proven on a classwide basis because under Illinois law, damages under BIPA are discretionary, not mandatory." Op. 35, Dkt. No. 278. As the district court saw it, "the number of violations of the BIPA is likely to be easily ascertainable, as the nature of the allegations is alleged to be the same from class member to class member." *Id.* (citation omitted).

Here too, the district court erred. *See Cothron v. White Castle Sys., Inc.*, 216 N.E.3d 918, 929 (Ill. 2023) (holding that "damages [are] discretionary rather than mandatory under the Act"). Other privacy laws with discretionary statutory damage regimes illustrate the individualized nature of factors governing whether such damages should be awarded. For instance, the federal Wiretap Act provides for discretionary statutory damages that depend on individualized inquiries—including "the severity of the violation," whether the plaintiff suffered any "actual damages," and "the extent of any intrusion into the plaintiff's privacy." *Campbell v. Facebook Inc.*, 315 F.R.D. 250, 268 (N.D. Cal. 2016); *see also DirecTV, Inc. v. Huynh*, 2005 WL 5864467, at *8 (N.D. Cal. May 31, 2005), *aff'd*, 503 F.3d 847 (9th Cir. 2007). Similar considerations attend to damages calculations under the Telephone Consumer

6

Protection Act. *See* Final Jury Instructions 13, *Krakauer v. Dish Network, LLC*, No. 1:14-cv-333 (M.D.N.C. filed Jan. 19, 2017), Dkt. No. 293 (articulating factors such as the "severity or minimal nature of the violation"). And Illinois courts generally consider "the totality of the circumstances" in determining whether to award discretionary statutory damages. *Williams v. Country Mut. Ins. Co.*, 2015 WL 9463801, at *9 (Ill. App. Dec. 24, 2015) (analyzing statutory damages in the insurance context); *see also* 740 ILCS 190/25(a)(1)(B) (articulating factors governing discretionary damages under the Illinois Civil Remedies Act, including "other exacerbating or mitigating factors").

Factors such as the severity of the violation, whether the plaintiff or putative class member suffered actual damages, and the extent of the intrusion into the plaintiff's privacy require individualized determinations. Privacy preferences vary across individuals and the extent of any privacy variation is likely to vary across individuals as a result. For instance, as Amazon pointed out in its opposition to class certification, two of the named plaintiffs here "admitted that they signed up for Voice ID only *after* this lawsuit was filed," Opp. 21, which may lead the jury to find any privacy violation less severe. And one named plaintiff "testified that Alexa positively changed his life" by "allowing him to live independently," which may lead a jury to conclude that the conduct here did not cause that plaintiff to suffer any real harm, an individualized factor that would bear on the proper award (if any) of statutory damages. *Id.*

Like Amazon, Union Pacific has argued that BIPA's discretionary statutory damages are not amenable to classwide treatment, including because individual privacy preferences are relevant and require individualized inquiries. *See Fleury* Opp. 12-16. One of the *Fleury* plaintiffs testified he had no objection to providing his alleged biometric identifiers to Disney World and Busch Gardens, nor did he ask what those companies did with his data or whether they still retain it. *See id.* at 15. Union Pacific also presented an expert report showing that "[p]eople's preferences regarding identity verifications are highly individualized" and that such "preferences 'tend to vary across their demographic characteristics,' with '[o]lder people tend[ing] to be more privacy-protective and therefore … more concerned with the collection and use of data than younger people.'" *Id.* at 14 (alterations in original) (citations omitted). And "[p]rivacy preferences also vary depending on the purpose for which" information is being collected. *Id.*

Accordingly, the extent of any privacy intrusion, and whether an individual has a plausible claim to have suffered actual damages, will turn on each putative class member's individualized preferences, precluding class certification. *See Campbell*, 315 F.R.D. at 268 (declining to certify damages class in a Wiretap Act case where the question of 'whether or not there was actual damage to the plaintiff' would vary between class members, and would be answered in the negative for many class members" (citation omitted)); *see also id.* at 269 ("many individual damages awards would be disproportionate, and sorting out those disproportionate damages awards would require individualized analyses that would predominate over common ones");

*Bliss v. CoreCivic, Inc.*, 711 F. Supp. 3d 1233, 1244-45 (D. Nev. 2024) (applying *Campbell* to deny class certification).

Plaintiffs in BIPA cases routinely seek substantial classwide damages, and thus whether the discretionary nature of BIPA's statutory damages precludes class certification is critical to every BIPA class action case and warrants immediate appellate review.

## CONCLUSION

This Court should grant Amazon's Rule 23(f) petition for interlocutory review of the district court's class certification order.

Dated: December 1, 2025   Respectfully submitted,

/s/ *Gary Feinerman*
Gary Feinerman
Johanna Spellman
Kathryn Running
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
(312) 876-7700

Ben Harris
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

*Counsel for* Amicus Curiae
*Union Pacific Railroad Company*

9

# CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitations of Federal Rules of Appellate Procedure 29(a)(4) and 29(a)(5), and Circuit Rule 29 because it contains 2,239 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f). I further certify that this brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and Seventh Circuit Rule 32(b) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared using a proportionally spaced 12-point font.

/s/ *Gary Feinerman*
Gary Feinerman